IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KNIGHTBROOK INSURANCE COMPANY, a Corporation, <br><br> Plaintiff, <br><br> v. <br><br> GRASSHOPPER TRUCKING, LLC, an Illinois Limited Liability Corporation; LARANDAVESHA JANEE HARPER; BRANDON EDWARD TUCKER; BRANDON ISAAC TUCKER; LAVAR ANQUOR ROBERTS; TERRI LYNN ACOSTA, <br><br> Defendants. | No. 1:22-cv-6916 |

# **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, KNIGHTBROOK INSURANCE COMPANY, ("Knightbrook") by its attorneys, Drake, Narup & Mead, P.C., for its cause of action under the Declaratory Judgment Act, alleges as follows:

## **NATURE OF THE SUIT**

1. Pursuant to 28 USC § 2201, Knightbrook brings this declaratory judgment action, requesting this Court to construe the terms of an insurance policy regarding a particular loss, and to determine the policy provides no coverage, that is, no duty to defend nor to indemnify, the putative insureds as to a certain vehicular collision and liability claims arising from it. It is contended the insured, GRASSHOPPER TRUCKING, LLC, ("Grasshopper") did not add the truck to the insurance policy until after the crash in question occurred, rendering the claimed coverage void *ab initio*. Grasshopper has

demanded coverage under the policy and Knightbrook has denied such coverage. An actual controversy exists, within the Court's jurisdiction, which is ripe for judicial determination.

## PARTIES

2. Plaintiff Knightbrook is a corporation organized and existing pursuant the laws of the state of Delaware, with its principal place of business in Los Angeles, California. Under 28 USC § 1332(c)(1), Knightbrook is a citizen of the states of Delaware and California.

3. Defendant Grasshopper is a Limited Liability Corporation organized and existing pursuant to the laws of the state of Illinois and whose principal place of business is in LaGrange, Cook County, Illinois. Grasshopper is the owner of the truck involved in the collision.

4. Defendant LARANDAVESHA JANEE HARPER ("Harper") is a plaintiff in the underlying lawsuit filed in the State of Texas concerning the collision and claiming injuries and damages therefrom. Attached hereto as Exhibit A is Harper's "Original Petition and Rule 193.7 Notice" ("Petition") filed in Nolan County, Texas, and according to that Petition, Harper was the driver of one of the vehicles in the collision (Petition, ¶9). Her Petition also alleges she is resides in Dallas County, Texas (Petition, ¶2). Harper is an interested and necessary party to this cause of action because her rights of recovery may be affected.

5. Defendants BRANDON EDWARD TUCKER and BRANDON ISAAC TUCKER, (collectively "the Tuckers") are plaintiffs in the underlying lawsuit filed in the State of Texas concerning the collision and claiming injuries and damages therefrom. They are alleged to have been passengers in Harper's vehicle (Petition ¶9). The Petition alleges

the Tuckers reside in Dallas County, Texas. (Petition ¶2). The Tuckers are interested and necessary party to this cause of action because their rights of recovery may be affected.

6. Defendant, LAVAR ANQUOR ROBERTS ("Roberts"), was the driver of the truck owned by Grasshopper at the time of the collision. As alleged in the Petition, at the time of the collision, Roberts was a resident of Palm Beach County, Florida (¶3). If there were coverage under the policy in question, he would be entitled to liability coverage under it, as to the claims against him in the Petition as well as any claims if filed by Acosta, as alleged below. Roberts is an interested and necessary party to this cause of action because his rights of defense may be affected.

7. Defendant, TERRI LYNN ACOSTA ("Acosta"), is also sued by Harper and the Tuckers in the Petition, Exhibit A, hereto. Additionally, Acosta has made claim against Grasshopper for her own claimed injuries and damages arising from the aforesaid vehicular collision. In the Petition, she is alleged to be a resident of Freestone County, Texas (Petition, ¶4). Acosta is an interested and necessary party to this cause of action because her right of recovery may be affected.

## JURISDICTION AND VENUE

8. Plaintiff Knightbrook is a citizen of the State of Delaware and California. Defendants are residents of the State of Illinois, Texas and Florida. The amount in controversy, without interest and costs, exceeds $250,000.00. (*See*, Exhibit A, Petition, ¶19). Accordingly, this Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332.

9. Venue is proper in this Court because the principal Defendant, Grasshopper, is a resident of this judicial district and the contract to be construed, the insurance policy, is between plaintiff and Grasshopper, a resident of Cook County, Illinois. The other party defendants are merely interested persons to that contract. *See* 28 USC § 1391.

## CAUSE OF ACTION

10. Defendant Grasshopper is a trucking company headquartered in the State of Illinois.

11. Plaintiff Knightbrook is an insurance company, doing business as a provider of insurance products and services, particularly in relation to trucking businesses like Grasshopper.

12. Plaintiff issued a trucking liability policy ("the Policy"), under Policy No. AFBIL000828-01 to Grasshopper, a certified copy of which is attached hereto and incorporated herewith as Exhibit B. The effective dates of the policy are 11/1/2021 to 11/1/2022.

13. In relevant part, the Policy's declarations page provides coverage only to "specifically described vehicles," saying:

> **Item Two**
> **Schedule of Coverages and Covered Autos**
>
> This policy provides only those coverages where a charge is shown in the premium column. Each of these coverages will apply only to those "autos" shown as covered "autos". **"Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos section of the Motor Carrier Coverage Form next to the name of the coverage.**

| Coverages | Covered Autos | Limit | Premium |
|---|---|---|---|
| Covered Autos Liability | 67 | $1,000,000 | $ |
| Personal Injury Protection (Or Equivalent No-fault Coverage) | | Separately Stated In Each Personal Injury Protection Endorsement Minus Deductible of: $ | $ |
| Added Personal Injury Protection (Or Equivalent Added No-fault Coverage) | | Separately Stated In Each Added Personal Injury Protection Endorsement | $ |
| Property Protection Insurance (Michigan Only) | | Separately Stated In The Property Protection Insurance Endorsement Minus $ Deductible For Each Accident | $ |
| Auto Medical Payments | | $ Each Insured | $ |
| Medical Expense And Income Loss Benefits (Virginia Only) | | Separately Stated In The Medical Expense And Income Loss Benefits Endorsement | $ |
| Uninsured Motorists | 67 | $50,000 | $ |
| Underinsured Motorists (When Not Included In Uninsured Motorists Coverage) | | $ | $ |

(highlighting added). Amounts were shown as premium under "Uninsured Motorist" and "Covered Autos Liability" but have been blacked out in interests of privacy. The symbol 67 defines what vehicles are covered by the policy.

14. The Motor Carrier Coverage Form of the Policy provides the definition of Symbol 67, saying:

# MOTOR CARRIER COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 61 | Any "Auto" | |
| 62 | Owned "Autos" Only | Only the "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while connected to a power unit you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 63 | Owned Private Passenger Type "Autos" Only | Only the "private passenger type" "autos" you own. This includes those "private passenger type" "autos" that you acquire ownership of after the policy begins. |
| 64 | Owned Commercial "Autos" Only | Only those trucks, tractors and "trailers" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while connected to a power unit you own). This includes those trucks, tractors and "trailers" you acquire ownership of after the policy begins. |
| 65 | Owned "Autos" Subject To No-fault | Only those "autos" you own that are required to have no-fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the no-fault law in the state where they are licensed or principally garaged. |
| 66 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that, because of the law in the state where they are licensed or principally garaged, are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| ==67== | ==Specifically Described "Autos"== | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 68 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "private passenger type" "auto" you lease, hire, rent or borrow from any member of your household, any of your "employees", partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households. |
| 69 | "Trailers" In Your Possession Under A Written Trailer Or Equipment Interchange Agreement | Only those "trailers" you do not own while in your possession under a written "trailer" or equipment interchange agreement in which you assume liability for "loss" to the "trailers" while in your possession. |

CA 00 20 10 13 © Insurance Services Office, Inc., 2011 Page 1 of 15

(highlighting added).

15. The only vehicles covered under the Policy are then as follows:

**67** – Specifically Described "Autos" – Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). (Policy, p. 22).

16. The Motor Carrier Coverage Form also provides the following as to vehicles acquired after the policy's inception:

> **B. Owned Autos You Acquire After The Policy Begins**
>
> * * *
>
> 2. But, if Symbol **67** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:
>
>    a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and
>    b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage. (Policy, p. 2 of 15).

17. Grasshopper had owned the Volvo since October 5, 2021, a span of 46 days, so this provision does not provide coverage for this loss.

18. As alleged in Exhibit A, on November 20, 2021, at 11:30 a.m. CST, in Sweetwater, Texas, there was a motor vehicle collision involving a vehicle owned by Grasshopper and driven by Roberts and involving the vehicles in which Acosta, the Tuckers

and Harper were located. The vehicle driven by Roberts was a 2015 Volvo (VIN# 4V4NC9EH7FN182554) truck ("the Volvo").

19. At the time of the collision, the Volvo was not listed or otherwise identified by Grasshopper on the Policy or via any endorsement and was, therefore, not a "Specifically Described 'Auto'" as defined by the Policy and was, therefore, not a "covered 'auto'."

20. The insuring clause of the Policy, limits coverage to "covered 'autos'" saying, in relevant part:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". . . .
>
> We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.
> (Exhibit B, p. 24.)

21. In addition to coverage not being triggered because the vehicle was not a covered auto, the collision was not caused by an "insured" as that term is defined by the policy, and coverage under the aforesaid insuring clause of the policy.

22. The Policy defines an "insured," in relevant part as:

> **1. Who Is An Insured**
> a. The following are "insureds":
>     1) You for any covered "auto"
>     2) Anyone else while using with your permission a covered "auto" you own, hire, or borrow except: . . . [exceptions inapplicable to this action] (Exhibit B, p. 24.)

23. The definition of an "insured" is limited to the operation of a "covered 'auto'". Since the collision in question did not involve a "covered auto", neither Grasshopper nor its driver, Roberts, were an "insured."

24. In tacit admission that the Volvo was not insured under the policy at the time of collision, Grasshopper, for the first time, tried to add the Volvo to the Policy roughly one hour after the collision, at 12:29 p.m. CST. Grasshopper had owned the Volvo since October 5, 2021, a span of 46 days.

25. The insuring clause, as quoted above, provides further that Plaintiff has not obligation to defend any uncovered claim, saying:

> . . . However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. . . .

26. Since this coverage does not apply to this collision for the reasons stated above, Plaintiff has no duty to defend, nor to indemnify, Grasshopper under the express terms of the policy.

27. Further, this collision cannot be covered because it violates the basic theory of insurance: fortuity. There is no fortuitous loss when the loss has occurred before the policy coverage is placed. This is known as the "known loss" doctrine[1]. In instances where coverage is placed after a loss, as Grasshopper attempted here, there can be no coverage and courts deem the coverage void *ab initio*.

---

[1] Sometimes referred to as the "loss in progress" doctrine.

**PRAYER FOR RELIEF**

For the reasons stated above, Plaintiff prays this Court determine and declare the rights of the parties and to rule that Plaintiff has no duty to defend nor indemnify Grasshopper or Roberts under the policy of insurance and pursuant to the "known loss" doctrine, to declare any putative coverage for this loss to be void, *ab initio.*

        KNIGHTBROOK INSURANCE COMPANY, a Corporation, Defendant

        **DRAKE, NARUP & MEAD, P.C.**

        By:     s/Randall A. Mead
              One of Its Attorneys

Randall A. Mead (ARDC # 6180340)
mead@dnmpc.com
Alyssa L. Haaker (ARDC # 6329754)
haaker@dnmpc.com
DRAKE, NARUP & MEAD, P.C.
107 East Allen Street
Springfield, IL  66704
(217) 210-7533 (Mead)
(217 210-6545 (Haaker)
(217) 528-9776 (general)